UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANDRE YOUNGBLOOD,

          Plaintiff,

  -v.-                 9:10-CV-0971
                         (TJM)(DEP)

D. ARTUS, Warden, Clinton Correctional Facility;
DR. LESTER WRIGHT, Deputy Commissioner;
DR. V. JOHNSON, Head Nurse Administrator,
Clinton Correctional Hospital; DR. ADAMS, Doctor
at Clinton Correctional Hospital; BADER, Nurse
at Clinton Correctional Hospital; MRS. SMITH,
Nurse at Clinton Correctional Hospital; and
CATHY RYAN, Nurse at Clinton Correctional
Hospital,

          Defendants.

APPEARANCES:

ANDRE YOUNGBLOOD
03-A-1665
Greene Correctional Facility
P.O. Box 975
Coxsackie, NY 12051
Plaintiff, *pro se*

THOMAS J. McAVOY
Senior U.S. District Judge

## DECISION and ORDER

**I. Background**

  The Clerk has sent to the Court a civil rights complaint, together with an application to proceed *in forma pauperis* submitted for filing by plaintiff Andre Youngblood.  Dkt. Nos. 1, 2. Plaintiff has also submitted a motion for appointment of counsel.  Dkt. No. 5.

**II. Initial Screening**

  Plaintiff has demonstrated sufficient economic need for purposes of commencing an action

*in forma pauperis*. Dkt. No. 2. Therefore, the Court must now consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. §§ 1915(e) and 1915A. Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B).[1] Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*. *See id.*

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner *pro se* complaints).

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se*

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond . . . ." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 127 S.Ct. 1955). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1949 (citing Federal Rule of Civil Procedure 8(a)(2)). Rule 8 "demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal citations and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed.Appx. 102, 104 (2d Cir. 2009).

In his complaint, plaintiff alleges that, while he was incarcerated at Clinton Correctional

Facility, defendants failed to provide plaintiff with adequate medical care in deliberate indifference to his serious medical needs -- namely his asthma and a seizure disorder -- in violation of his rights under the Eighth Amendment to the United States Constitution.  Dkt. No. 1 at 5-8.  Plaintiff seeks monetary damages in the sum of five million dollars.  *Id*. at 9.  For a more complete statement of plaintiff's claims, refer to the complaint.  A review of this District's docket reveals that plaintiff has also filed a complaint in *Youngblood v. Artus, et al.* ("*Youngblood I*"), 9:10-CV-0752 (GLS/DRH), which contains almost identical allegations to those set forth in the complaint in this action against identical defendants, and which also seeks monetary damages in the sum of five million dollars.  *Compare* Dkt. No. 1 *with Youngblood I*, Dkt. No. 1.

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2nd Cir. 2000) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation.")).  "The complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion." *Curtis*, 226 F.3d at 138.  "The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the 'comprehensive disposition of litigation.'" *Id*. (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219 (1952)).  The district court has broad discretion in determining whether an action should be dismissed as duplicative, and the exercise of this power is reviewed by the Court of Appeals for abuse of discretion.  *Lopez v. Ferguson*, 361 Fed. App'x. 225, 226 (2d Cir. 2010) (finding that the District Court did not abuse its discretion

when it dismissed an action as duplicative of a pending class action as to which plaintiff fell within the certified class).

As the Second Circuit recognized in *Curtis*, "simple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis*, 226 F.3d at 138-39 (citing *Zerilli v. Evening News Ass'n,* 628 F.2d 217, 222 (D.C. Cir. 1980); *Walton v. Eaton Corp.,* 563 F.2d 66, 70 (3d Cir. 1977) (*en banc*)). As a general rule, "[w]here there are two competing lawsuits, the first suit should have priority." *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (quoting *Motion Picture Lab. Technicians Loc. 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir. 1986)) (alteration in original). An action is duplicative "if the claims, parties, and available relief do not significantly differ between the two actions. . . ." *Northern Assur. Co. of America v. Square D Co.*, 201 F.3d 84, 89 (2nd Cir. 2000) (quotations omitted).

It is clear that plaintiff's complaints in this action and in *Youngblood I* involve the same parties and seek the same remedies. In comparing the allegations set forth against the defendants in this action with the allegations set forth against them in *Youngblood I*, it is also readily apparent that, aside from immaterial deviations, the factual allegations in each complaint are the same. Moreover, the issues and facts to be determined and the witnesses and evidence required are exactly the same. Since plaintiff's complaint in this action is identical in all material respects to the complaint filed in *Youngblood I*, which is currently pending in this District, and *Youngblood I*

was filed first,[2] the Court dismisses the present action as duplicative.

Because this action is dismissed as duplicative, plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) and motion for appointment of counsel (Dkt. No. 5) are **denied** as moot.

**WHEREFORE**, it is hereby

**ORDERED** that this action is dismissed as duplicative; and it is further

**ORDERED** that plaintiff's *in forma pauperis* application (Dkt. No. 2) is **DENIED as moot**; and it is further

**ORDERED** that plaintiff's motion for appointment of counsel (Dkt. No. 5) is **DENIED as moot**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff by regular mail.

Dated: November 18, 2010

_____
Thomas J. McAvoy
Senior, U.S. District Judge

---

[2] *Youngblood I* was filed on June 28, 2010. *See Youngblood I*, Dkt. No. 1. This action was filed on August 11, 2010. *See* Dkt. No. 1.